**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**MARQUESSES FOREMAN,**

      **Plaintiff,**

**v.**

**SMITHFIELD FOODS, INC.**

**and**

**SMITHFIELD FARMLAND**
**CORPORATION,**

      **Defendants.**

**CIVIL ACTION NO.:** ___2:18cv271___

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, Marquesses Foreman ("Plaintiff" or "Foreman"), states as follows for her Complaint against Smithfield Foods, Inc. ("SFI") and Smithfield Farmland Corporation ("SFC"):

## I.    NATURE OF THE CASE

1.    This is an action for sexual and racial harassment brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. §1981.  The Defendants, SFI and SFC, discriminated against Foreman because of her gender and race by subjecting her to unlawful sexual and racial harassment.  SFI and SFC then retaliated against her after she complained of the harassment.

## II.    JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. §2000e(5) (jurisdiction over cases filed under Title VII); 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. §1337 (jurisdiction arising from Congressional regulation of commerce) and 42 U.S.C. §1981 (jurisdiction over cases filed under the Civil Rights Act of 1866).

3.      The employment practices hereafter alleged to be unlawful were committed within the Eastern District of Virginia, and, more specifically, in the City of Smithfield, Virginia. Accordingly, venue in this judicial district is proper.

## III.    PARTIES

4.      Foreman is a resident and citizen of the Commonwealth of Virginia and the United States.  She currently maintains her principal residence at 31188 Thomas Street, Franklin, Virginia 23581.

5.      SFI is a Virginia corporation and conducts business in Smithfield, Virginia and throughout the United States.  It maintains its principal place of business at 200 Commerce Street, Smithfield, Virginia 23430.

6.      SFC is a Delaware corporation and conducts business in Smithfield, Virginia and throughout the United States.  It maintains its principal of business at 200 Commerce Street, Smithfield, Virginia 23430.

7.      SFC is operated by, and is a wholly owned subsidiary of, SFI.  The Defendants have common ownership, an integrated management structure, and their operations and operational plans are intertwined.  The corporate purposes of SFC are subsumed within the corporate purposes of SFI; SFC has no corporate purposes which are separate or apart from SFI. The managing officers of SFC ultimately report to, answer to, and effect the business purposes of SFI and did so at all times relevant to this Complaint.  The human resources policies and practices of SFI and SFC, as well as the professionals responsible for effecting these policies and practices, are one and the same.

8.      At all times relevant to this action, the Plaintiff was an "employee" of SFC and SFI as that term is defined under Title VII (hereinafter the terms "Smithfield" and/or "Defendant(s)" shall, unless otherwise indicated, mean SFI and SFC collectively).

## IV.      ADMINISTRATIVE PREREQUISITES

9.      The Plaintiff has met all administrative prerequisites to filing the Title VII claims in this action, including the filing of a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and bringing this action within 90 days of the issuance of the Notice of Right to Sue that she has received from the EEOC.  No administrative prerequisites are required for the §1981 claims asserted herein.

## V.      FACTS

10.      Foreman began her employment with Smithfield in November of 1998.  She was promoted to training crew leader in 2006.

11.      Joseph Moulton became Foreman's supervisor in approximately September of 2014.  Upon information and belief, he remains employed by Smithfield to this day.

12.      Foreman was subjected to highly offensive racial and sexual harassment from Moulton from the time of his arrival at the Smithfield, Virginia facility in September of 2014 until late spring of 2016.  After enduring Moulton's sexual and racial harassment for a couple of months, she complained to Smithfield's human resources department, specifically Richard Dean. She made several complaints to Dean about Moulton's sexual and racial harassment of her from approximately late 2014 until late spring of 2016.  Foreman also made complaints to Whitney Pendleton, an official in Smithfield's human resources department as well.  No action was ever taken to correct Moulton's sexual and racial harassment of Foreman until late spring of 2016. Foreman suffered various acts of retaliation as a result of her complaints.

13.     Moulton constantly subjected Foreman to sexual and racial statements, acts of sexual assault and battery, sexual innuendo and sexual advances.

14.     The following are merely examples of the types of comments and conduct to which Moulton subjected Foreman on a frequent basis.  Conduct of the types identified below occurred very frequently, on at least a weekly basis, between the early fall of 2014 to late spring of 2016:

a)      Moulton would touch Foreman's breasts with his hand – this conduct was offensive to her and constituted assault and sexual battery;

b)      Moulton showed Foreman a picture he took on his phone of his penis;

c)      Moulton would talk about Foreman's body, particularly her rear end and her breasts;

d)      Moulton would show Foreman pictures of himself shirtless and ask her to go to the beach with him;

e)      Moulton would make statements regarding how he was tired of "making love to his hand";

f)      Moulton would frequently ask Foreman out on dates;

g)      Moulton would send Foreman highly offensive sexual and racial photographs and text messages;

h)      Moulton delighted in sending Foreman pictures of and making reference to racist images along with racist captions or simply speaking of the racist image or subject matter while making other racist statements;

i)      Moulton would make racial comments that Foreman and her black colleagues could not do certain tasks because they are black;

j)      Moulton would say to Foreman that he should fire all the black people and bring in Mexicans because they were more efficient and could get the job done for less pay; and

k)      Moulton hit Foreman's rear with a rolled up paper – this conduct was offensive to her and constituted assault and sexual battery.

15.     Moulton's actions have caused Foreman a great deal of stress, anxiety, mental anguish and have greatly harmed her quality of life, especially the quality of her professional life.

16.     Smithfield had actual knowledge of Moulton's dangerous and harmful propensities from sources other than Foreman, including his propensity to subject female subordinates to acts of sexual harassment, because other employees had complained about him in the past.  In late 2015 or early 2016, Moulton exposed himself to a female colleague of Foreman's.  The colleague complained to management, but nothing was done until the late spring of 2016 when Foreman provided Richard Dean with certain pictures and text messages that Moulton had sent her.

17.     At all times relevant to this mater, the conduct to which Foreman was subjected was unwelcomed and she asked Moulton to cease his conduct on several occasions.

18.     After Foreman first complained about Moulton's conduct to Richard Dean in late 2015, her work hours were cut significantly.  As a result of the cutting of her work hours, Foreman suffered a decrease in income of more of than 20%.  This diminution of income began in the winter of 2015 and continues to this day.

19.     The actions identified in this Complaint were committed willfully, maliciously, and with gross disregard for Foreman's well-being.  All of the acts set forth in this Complaint were committed by Moulton, a Smithfield employee, who was acting in the course and scope of his employment with Smithfield when he committed these acts.  Smithfield negligently retained Moulton despite having actual knowledge of his dangerous propensities.

20.     As a direct, actual, and proximate result of the acts described herein, Foreman has suffered significant pecuniary and non-pecuniary damages.  Her career with Smithfield has been

significantly harmed.  She has suffered significant loss of pay and benefits.  Moreover, she has suffered significant mental anguish, pain, suffering, emotional distress, loss of sleep, humiliation, and loss of quality of life.

21.     Smithfield's conduct in this matter had the effect of materially and adversely altering, in an illegal and discriminatory fashion, the terms and conditions of Foreman's employment with them.

22.     Smithfield's conduct described herein rendered Foreman insecure in her person, placed her at risk of physical and psychological harm, actually caused her such harm, and destroyed her ability to enjoy all benefits, privileges, terms and conditions of her employment with Smithfield.

## COUNT I

### *Sexual Harassment in Violation of Title VII*

23.     The allegations set forth in paragraphs 1 through 22, above, are incorporated into this Count by reference.

24.     The conduct to which Foreman was subjected by Moulton was unwelcomed. Moulton's harassment of Foreman was severe, created a hostile working environment, and was sexual in nature.  Moulton subjected Foreman to the harassment described herein because of her gender.

25.     The Defendants' conduct, their failure to prevent Moulton's actions, and their failure to take responsible action upon learning of these offenses constituted unlawful sexual harassment.

26.     The Defendants' conduct in allowing the sexual harassment to occur was outrageous, intentional, willful, malicious and committed with reckless indifference to

Foreman's rights.  Foreman has suffered significant harm as a result, including significant pecuniary and non-pecuniary damages, for which each Defendant is liable.

## COUNT II

### *Retaliation in Violation of Title VII*

27.     The allegations set forth in paragraphs 1 through 22, above, are incorporated into this Count by reference.

28.     After Foreman complained about the conduct related herein to Richard Dean, a human resources professional for the Defendants, her hours were cut significantly.  Her hours were cut because she complained and, as a result, she has suffered significant financial harm.

29.     The Defendants' conduct constitutes retaliation in violation of Title VII.

30.     The Defendants' retaliation against Foreman under these conditions was outrageous, intentional, willful, and malicious and Foreman has suffered significant harm as a result, including significant pecuniary and non-pecuniary damages, for which each of the Defendants is jointly and severally liable.

## COUNT III

### *Racial Harassment in Violation of 42 U.S.C. §1981*

31.     The allegations set forth in paragraphs 1 through 22, above, are incorporated into this Count by reference.

32.     The Defendants' conduct constitutes unlawful racial harassment in violation of 42 U.S.C. §1981.

33.     Foreman was subjected to intense racial harassment of a deeply offensive nature. She was harassed because of her race and the harassment was sufficiently pervasive so as to adversely alter her employment conditions and create a hostile working environment.

34.     The Defendants' racial harassment of Foreman under these conditions was outrageous, intentional, willful and malicious and Foreman has suffered significant harm as a result, including significant pecuniary and non-pecuniary damages for which each of the Defendants is jointly and severally liable.

## COUNT IV

### *Retaliation in Violation of 42 U.S.C. §1981*

35.     The allegations set forth in paragraphs 1 through 22, above, are incorporated into this Count by reference.

36.     After Foreman complained about the conduct related herein to Richard Dean, a human resources professional for the Defendants, her hours were cut significantly.  Her hours were cut because she complained about racial harassment and, as a result, she has suffered significant financial harm.

37.     The actions set forth herein constitute unlawful retaliation in violation of 42 U.S.C. §1981.

38.     The Defendants' retaliation against Foreman under these conditions was outrageous, intentional, willful, and malicious and Foreman has suffered significant harm as a result, including significant pecuniary and non-pecuniary damages for which each of the Defendants is jointly and severally liable.

**WHEREFORE**, Marquesses Foreman, for all Counts set forth herein, respectfully prays that this Court:

1)     Order each Defendant to institute and carry out policies, practices and programs to provide equal employment opportunities to qualified individuals and which eradicate the effects of past and present unlawful employment practices;

2)     Order each of the Defendants to make the Plaintiff whole with appropriate lost earnings, future lost earnings, and compensation for loss of future pensions and benefits in amounts to be proved at trial, with pre-judgment and post-judgment interest as applicable;

3)     Order each of the Defendants to make the Plaintiff whole by providing her with all compensation contemplated under Title VII, the Civil Rights of 1991, 42 U.S.C. §1981a, and the Civil Rights Act of 1866, 42 U.S.C. §1981 for non-pecuniary losses including, without limitation, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of reputation and loss of quality and enjoyment of life in amounts to be proved at trial, with pre-judgment and post-judgment interest as applicable;

4)     Order each of the Defendants to pay the Plaintiff punitive damages in amounts to be proved at trial and which are sufficient to prevent this conduct in the future, with pre-judgment and post-judgment interest as applicable;

5)     Order each of the Defendants to pay the Plaintiff's reasonable attorney's fees, expert fees and all costs incurred in bringing and prosecuting this action with pre-judgment and post-judgment interest as applicable; and

6)     All other and further relief as this Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on issues raised in this Complaint.

Respectfully submitted,

**MARQUESSES FOREMAN**

By:   _/s/ James H. Shoemaker, Jr._
                Of Counsel

James H. Shoemaker, Jr., VSB No. 33148
Jason E. Messersmith, VSB No. 77075
F. Alex Coletrane, VSB No. 78381
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 223-4518
jshoemaker@pwhd.com
jmessersmith@pwhd.com
acoletrane@pwhd.com

Cindra M. Dowd, Esq., VSB No. 33819
Law Offices of Richard J. Serpe, P.C.
580 East Main Street, Suite 310
Norfolk, VA 23510
Telephone: 757.233.0009
Facsimile: 757.233.0455
cdowd@serpefirm.com

Dated:  May 21, 2018